UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

ELAINE L. CHAO, Secretary of Labor,  : Civil Action
United States Department of Labor
                                      File No. 07 CV 2730
             Plaintiff,
                                     : COMPLAINT
      v.
                                       JUDGE STEIN
HONG KONG SUPERMARKET OF SOUTH        :
PLAINFIELD, INC., a corporation, HONG KONG
SUPERMARKET OF EAST BRUNSWICK, INC., a :
corporation
                                          APR 04 2007
             Defendants              :    U.S.D.C. S.D.N.Y.
                                          CASHIERS
---

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, *et seq.*), ("the Act"), alleging that defendants violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and 28 U.S.C. Sections 1331 and 1345.

II.

Defendant Hong Kong Supermarket of South Plainfield, Inc. is a corporation duly organized under the laws of the State of New Jersey having its principal office at 109 East Broadway, New York, NY 10002 within the jurisdiction of this court, and its place of business at 3600 Park Avenue, South Plainfield, NJ 07080 where it is engaged as a supermarket specializing in the sale of Asian foods.

III.

Defendant Hong Kong Supermarket of East Brunswick, Inc. is a corporation duly organized under the laws of the State of New Jersey having its principal office at 109 East Broadway, New York, NY 10002 within the jurisdiction of this court and a place of business at 275 Route 18 South, East Brunswick NJ 08816 where it is engaged as a supermarket specializing in the sale of Asian foods.

IV.

Defendant corporations have regulated the employment of all persons employed by them, acted directly and indirectly in the corporations' interest in relation to their employees, and thus are employers of the employees within the meaning of section 3(d) of the Act.

V.

The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

VI.

Defendants have employed employees at their places of business in the activities of the enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

VII.

Defendants, in many workweeks, willfully and repeatedly violated, the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees employed in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act, or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on the unpaid overtime compensation under section 17 of the Act.

VIII.

Defendants willfully and repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, the records kept by the defendants failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the regular rate of pay, the basis upon which wages were paid, the total straight-time earnings for each workweek, and/or the total overtime compensation for each workweek, with respect to many of their employees.

IX.

Defendants since June 1, 2002 willfully and repeatedly have violated and are violating the provisions of the Act as alleged above.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1) For an injunction issued pursuant to section 17 of the Act permanently restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendant, from violating the provisions of sections 7, 11, 15(a)(2), and 15(a)(5) of the Act; and

(2) For an order pursuant to section 16(c) of the Act finding defendants liable for unpaid overtime compensation found due defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional unpaid overtime compensation and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint); or,

(3) in the event liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

(4) For an order awarding plaintiff the costs of this action; and

(5)     For an order granting such other and further relief as may be necessary and appropriate.

DATED:    April  3 , 2007
          New York, New York

/s/ Jonathan L. Snare
JONATHAN L. SNARE
Acting Solicitor of Labor


/s/Patricia M. Rodenhausen
PATRICIA M. RODENHAUSEN
Regional Solicitor


/s/Evan R. Barouh
EVAN R. BAROUH
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.    212-337-2087
FAX    212-337-2112

EXHIBIT A

## HONG KONG SUPERMARKET OF SOUTH PLAINFIELD, INC.

Chen, Li Ping
Chen, Zhuo Ming
Escobar, Roman
He, Rong Duo
Hon, Kiong Chee
Hong, Zhao Yuan
Hu, Zuan Quan
Jiang, Shu Wu
Lau, Yuk Yee
Lee, Fong
Liang, Siew Chin
Lin, Zhao Fang
Liu, Wen Hui
Low, Cheng Wan
Mo, Wah Yung
Mou, Yuk Yee
Navarret, Fred Vargas
Vuoug, Henry
Woo, Kyon Pauk
Woo, Wanda
Wu, Qian Pan
Wu, Wei Shan
Yu, Mei Min
Yu, Mei Min
Zhang, Qing Liang

**HONG KONG SUPERMARKET OF EAST BRUNSWICK, INC.**

Cai, Jin Qiu
Chan, Kwan Fan
Chan, Mandy
Chan, Pun Leung
Chan, Wai Chung
Chen, Cai Feng
Chen, Dong Fang
Cheong, Chong Kiew
Dong, Qing
Feng, Shao Guang
Feng, Shu Jun
Feng, Xiu Ge
Guan, Zi Bin
He, Bing Wu
He, Rong Jian
Hou, Lei
Jian, Yin Xian
Lam, Wing Kwong
Lei, Fang Hua
Li, Guo Ying
Li, Jian Quan
Liang, De Guang
Liu, Xin Feng
Sanchez, Jose Deluna
Santiago, Juan Gomez
Sidoa, Juana
Then, Nyok Mooi
Torres, Alberto
Tran, Hue Bich
Wen, Run Peng
Wong, Kee Fah
Woo, Kyon Pauk
Wu, Zhuo N
Xie, Nuan Jun
Xu, Zhi Qing
Yang, Chi Jin
Zhang, Chun Yan
Zhang, Rong Xin
Zhang, Wu
Zhao, Jia Xuan
Zhunag, Lan Zhen